IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARMED FORCES BANK, N.A., SUCCESSOR BY
MERGER TO BANK MIDWEST, N.A.,
        Plaintiff,

vs.                                 Case No. 10-2635-JTM

MICHAEL G. LOVELAND,
        Defendant.

MEMORANDUM AND ORDER

The plaintiff, Armed Forces Bank as successor in interest to Bank Midwest, has moved for summary judgment on a Promissory Note and security agreement between Bank Midwest and defendant Michael Loveland. The court finds that summary judgment should be granted.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come

forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In consideration of a $250,000.00 loan by Bank Midwest, Loveland executed a Promissory Note on August 8, 2007. The loan was later renewed, with Loveland executing three Promissory Notes which included updated principal balances and extensions of the maturity date. The last renewal Note, executed on April 5, 2009, reflected a principal amount of $199,000.00 and a maturity date of March 10, 2010. All of the promissory notes provided for accrual of interest at 5%, and that a default occurred when a payment was not made when due. The final Note provides that Loveland would be liable for the bank's reasonable collection costs, including attorneys' fees.

Loveland has made no payment on the Note on or after the maturity date of March 10, 2010. On December 10, 2010, Armed Forces Bank became the successor by merger to Bank Midwest. Both banks retained counsel to collect the amount due on the Note.

As of April 15, 2011, after all appropriate credits, the amount owing on the Note was $179,000.00 in principal, plus prejudgment interest of $ 32,049.67 (accrued at the contract rate until maturity of the Note on March 10, 2010, and at the default rate thereafter) for total debt of $211,049.67, plus additional prejudgment interest at the per diem rate of $64.64 from April 15, 2011.

In addition, the banks have incurred collection costs, including some $20,000 in legal fees.

The last Note states that repayment is secured by an August 8, 2007 Commercial Pledge Agreement executed by Loveland, under which Loveland granted to Bank Midwest and its successors a security interest in the 95% ownership interest he held in Loveland Properties, L.L.C., a Kansas limited liability company. The Agreement also provided that the bank or its successor could maintain a judicial foreclosure of the security interest and obtain a sale of the Collateral upon a default in payment of the "Indebtedness" — which is defined as the First Note and any related debt.

Loveland defaulted in the payment of "Indebtedness" under the Commercial Pledge Agreement by failing to pay the Note by its maturity date on March 10, 2010. The banks have performed all relevant obligations under the notes and under the Commercial Pledge Agreement.

In his response to the Motion for Summary Judgment, Loveland advances three arguments: (1) that the plaintiff, which has previously offered renewals and extensions on the note, should be estopped from now finding him in default, (2) that the plaintiff failed to give him proper notice of the default, and (3) that the bank failed to perfect its security interest in Loveland Properties.

None of Loveland's arguments presents a valid reason to deny summary judgment. Loveland has presented no evidence showing that either bank, after the last extension and renewal on April 5, 2009, agreed to any further extensions. "'The mere fact that a bank has renewed loans in the past does not require it to do so in the future.'" *Bittel v. Farm Credit Servs.*, 962 P.2d 491, 499 (Kan. 1998) (*quoting First State Bank v. Moden*, 681 P.2d 11, 14-15 (Kan. 1984). Given the absence of evidence showing any present agreement to extend the Note beyond March 10, 2010, Loveland's estoppel argument fails.

Loveland has no support for his contention that he was entitled to notice of default. Having signed the renewal Note, Loveland knew of the maturity date, and failed to make the required payment. The plaintiff bank did send a notice of default to Loveland's last known address, and Loveland has not cited any grounds for concluding that actual notice was a precondition for the bank's present action.

Finally, whether or not the banks perfected their security interest in Loveland Properties is irrelevant. Perfection guarantees rights in secured property as against third parties. An unperfected security agreement is valid and effective between the parties to the agreement according to its terms. *Farmers State Bank v. Cooper*, 227 Kan. 547, 608 P.2d 929, 935 (1980). Since this is an action between the principal parties to the underlying debt, the Commercial Pledge Agreement itself is sufficient to govern the rights of the parties.

Nor was it necessary for the Commercial Pledge Agreement to be separately renewed with each renewal of the note. The Agreement provides that it secures the "Indebtedness," which is further defined as the original 2007 Promissory Note, along with all "Related Documents," which would include the successive renewal notes.

The plaintiff is entitled to judgment in the amount of $211,049.67 (reflecting $179,000.00 in unpaid principal and $32,049.67 prejudgment interest prior to April 15, 2011), and additional prejudgment interest at the per diem rate of $64.64 after April 15, 2011. The plaintiff is also entitled to reasonable attorney fees in an amount to be determined by separate motion with supporting documentation.

IT IS ACCORDINGLY ORDERED this 22nd day of November 2011, that the plaintiff's Motion for Summary Judgment (Dkt. 23) is granted as provided herein.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE